IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JAMIE SCOTT,

    Plaintiff,

v.

DEVRY UNIVERSITY, INC. and ROSS
UNIVERSITY SCHOOL OF VETERINARY
MEDICINE,

    Defendant.

## NOTICE OF REMOVAL

Defendants DeVry University, Inc. ("DUI") and Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited (incorrectly captioned as Ross University School of Veterinary Medicine) ("Ross"), through undersigned counsel, hereby give notice of removal of the above captioned case pursuant to 28 U.S.C. §§ 1441 and 1446.  Defendants provide the following in support of removal:

    1.    Plaintiff Jamie Scott filed a complaint against DUI and Ross in the Boulder County District Court in Boulder, Colorado.  See Exhibit A attached hereto, Complaint.  Ross has not yet been served with the complaint but makes a special appearance for the purposes of joining in this Notice of Removal.

    2.    Plaintiff alleges that Defendants DUI and Ross violated the First Amendment of the United States Constitution.  Id., at ¶¶ 54-57.

3.     The above allegations and request for relief raise a federal question thereby conferring original jurisdiction upon this Court pursuant to 28 U.S.C. § 1331.  As a result, this entire action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b), and (c).

4.     Plaintiff is a resident of Colorado.  *Id.,* at ¶ 1.

5.     Defendant DeVry University, Inc. is incorporated under the laws of Illinois with its principal place of business in Illinois.  *Id.,* at ¶ 2.

6.     Defendant Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited is incorporated under the laws of the Federation of St. Kitts and Nevis with its principal place of business in St. Kitts, West Indies.  *Id.,* at ¶ 4.

7.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a) and (c)(1).

8.     The amount in controversy exceeds $75,000.  Plaintiff alleges that she has incurred expenses "in excess of" $38,000 and seeks treble damages.  *Id.,* at ¶ 20 and Prayer for Relief.  Thus, the complaint specifies damages of $114,000, plus additional amounts for emotional distress, attorneys' fees, injunctive relief that would require Ross to provide an alternative curriculum and surgical program,[1] and all other recoverable amounts.  *Id.,* Prayer for

---

[1] Where a complaint seeks declaratory or injunctive relief, the amount in controversy is determined by the value of the object of the litigation, or the value to the plaintiff in conducting his affairs free from the activity sought to be enjoined.  *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (U.S. 1977); 14B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3708 (3d ed. 1998).  Here, the object Plaintiff seeks to obtain is an education at Ross through an alternative program.  Tuition for ten semesters of education at Ross is valued at $139,400, with the first seven semesters valued at $12,950 each and the final three valued at a minimum of $16,250 apiece.  (These values do not count mandatory fees.  When those fees are added, the total value of each single semester is increased by $225 or more.)  *See* Ross University School of Veterinary Medicine Schedule of Tuition and Fees, available at

2

Relief.  Moreover, Plaintiff recognizes that the amount in controversy is greater than $100,000, excluding interest and costs.  <u>Id.</u>, District Court Civil Cover Sheets.

9. The above allegations and request for relief confer original jurisdiction upon this Court pursuant to 28 U.S.C. § 1332.  As a result, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

10. This Notice of Removal has been filed within thirty days of receipt of the complaint and is thus timely filed pursuant to 28 U.S.C. § 1446(b).

11. In compliance with 28 U.S.C. § 1446(a), the complete copy of the state court file has been filed with this Court along with this Notice.  <u>See</u> Ex. A.

12. Promptly upon filing of this Notice of Removal, Defendants will give written notice hereof to the opposing party and will file a copy of this Notice of Removal with the Clerk of the Boulder County District Court.

Respectfully submitted this 20th day of March, 2008.

<u>s/ David D. Powell, Jr.</u>
David D. Powell, Jr.
Leah P. VanLandschoot
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, Colorado 80202
dpowell@bhfs.com
lvanlandschoot@bhfs.com
303-223-1100

---

http://www.rossu.edu/veterinary-school/files/VETRATES0708.pdf (last visited Mar. 19, 2008).  Plaintiff did not begin attending Ross until 2006, <u>see</u> Ex. A at ¶¶ 19, 23, meaning that she has, at minimum, six semesters remaining.  Thus, the value to Plaintiff in attending Ross free from the terminal surgery requirements she wants enjoined is at least $87,600.

Lisa Zeiler Joiner
Fulbright & Jaworski L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
ljoiner@fulbright.com
202-662-4598

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of March, 2008, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served using Justice Link, e-mailed and/or deposited in the United States mail, postage prepaid, properly addressed to:

Ms. Jennifer Reba Thomaidis
Thomaidis Law, LLC
1866 Vine Street
Denver, Colorado 80206
*ATTORNEY FOR PLAINTIFF*

Boulder County District Court
Boulder County Justice Center
1777 6th Street
Boulder, Colorado 80302

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*s/ David D. Powell, Jr.*
David D. Powell, Jr.
Leah P. VanLandschoot
410 17th Street, Suite 2200
Denver, Colorado 80202
dpowell@bhfs.com
lvanlandschoot@bhfs.com
303-223-1100

99999\457\1133655.2

4