| | |
|---|---|
| **BOULDER COUNTY DISTRICT COURT**<br>1777 6th Street<br>Boulder, Colorado 80302 | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Feb 14 2008 2:42PM MST<br>Filing ID: 18613574<br>Review Clerk: Natascha Wise |
| Plaintiff:<br>**Jamie Scott**<br><br>v.<br><br>Defendants:<br>**DeVry University, Inc and Ross University School of Veterinary Medicine** | ↑   COURT USE ONLY   ↑ |
| Attorney for Plaintiff:<br>Jennifer Reba Thomaidis<br>Thomaidis Law, LLC<br>1866 Vine Street<br>Denver, CO 80206<br>Phone Number: 303-322-4355<br>E-mail: jennifer@thomaidislaw.com<br>FAX Number: 303-322-4354    Reg. #38349 | Case No:<br><br><br>Div:         Ctrm: |
| **COMPLAINT** ||

Plaintiff Jamie Scott, by and through her undersigned counsel, submits the following Complaint against Defendants DeVry University, Inc and Ross University School of Veterinary Medicine.

## PARTIES

1. Jamie Scott is a resident of Nederland, Colorado with a resident address of PO Box 275, Nederland, Colorado 80466.

2. Defendants DeVry University, Inc. is a corporation and foreign entity authorized to do business in Colorado with its principal place of business at One Tower Ln, Oakbrook Terrace IL, 60181.

3. Defendants DeVry University, Inc. has for its registered agent The Corporation Company located at 1675 Broadway Ste. 1200, Denver, Colorado 80202.

4. Ross University School of Veterinary Medicine (hereinafter "Ross") is located in the Federation of St. Kitts and Nevis with its principal address P.O. Box 334, Basseterre, St. Kitts, West Indies.

1

EXHIBIT A

5. Ross is a subsidiary of DeVry University, Inc (hereinafter "DeVry").

## JURISDICTION AND VENUE

6. Plaintiff incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-5 inclusive of her Complaint.

7. Jurisdiction is proper in this Court pursuant to Colorado's Long Arm Statute §13-1-124, C.R.S.

8. This Court has specific jurisdiction over Defendant DeVry and its subsidiary Ross University.

9. DeVry University, Inc., an Illinois corporation owns and operates three schools in Colorado: Colorado Springs, Greenwood Village in Denver, and Westminster.

10. Ross University regularly conducts informational seminars on its program in Colorado.

11. This matter involves an international location and the Plaintiff is a Colorado resident.

12. Defendants have continuous contacts with the state of Colorado and so can anticipate suit in Colorado.

13. Suit in Colorado would not be unduly burdensome for Defendants.

14. This Court has general jurisdiction over Defendant DeVry.

15. Defendant DeVry owns and operates schools in Colorado creating continuous and systematic general business contacts with the state.

16. Venue is proper in this Court pursuant to Colorado Rule of Civil Procedure 98(c).

## ALLEGATIONS

17. Plaintiff incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-16 inclusive of her Complaint.

18. Plaintiff Jamie Scott sought a veterinary education at a school with humane practices.

19. Ms. Scott applied and was accepted to Ross in the spring of 2006.

20. Ms. Scott currently attends Ross and has incurred expenses in excess of $38,000 to be able to relocate to St. Kitts and for tuition and living expenses while at school.

21. Ross University holds an admissions department at 499 Thornall Street, 10th Floor, Edison, NJ 08837.

22. Ms. Scott was told by the admissions department of Defendant Ross in New Jersey that an informational seminar would be held in Colorado and that she could find answers to her questions concerning the program at that seminar.

23. Ms. Scott attended an informational seminar for Ross University in Ft. Collins, Colorado in the spring of 2006 to further research the program.

24. Lisa Miller, an admissions representative for Ross University, spoke at the informational seminar in Ft. Collins, Colorado and does so on a continuous and regular basis and responded to questions from attendants.

25. At the seminar, Ms. Scott specifically asked if terminal surgeries were performed at Ross University.

26. Lisa Miller responded that terminal surgeries were performed but were optional.

27. The website for Ross University does not include a requirement for students to perform terminal surgeries.

28. Ms. Scott accepted admission to Ross University based on her knowledge that Ross University did not require students to perform terminal surgeries, feeling comfortable that humane practices were kept at the school.

29. Immediately upon her arrival at Ross University, Plaintiff Jamie Scott discovered that students were required to perform terminal surgeries on a tour of the school where the leader pointed out a donkey to be used for terminal surgeries.

30. There are many equally beneficial alternatives available to the cruel and archaic method of teaching veterinary medicine with terminal surgeries.

31. Ross University kills dogs, donkeys, and sheep for use in student surgeries.

32. Ms. Scott immediately attempted to resolve the issue of required terminal surgeries with Dr. Guy St. Jean, head of surgery.

33. Ms. Scott was told by the Dr. St. Jean that she should drop out of the program because if she refused to participate in the terminal surgeries, she would fail.

34. Ms. Scott proceeded to speak with Associate Dean Sean Fox and requested a meeting with the Dean of the University of Defendant Ross.

35. Associate Dean Sean Fox was unsuccessful in getting Ms. Scott a meeting with the Dean of the university and she was told she was wasting her time.

36. During her second semester Ms. Scott wrote a letter to the Dean of the university requesting a meeting and was granted one.

37. In the meeting with the Dean, Ms. Scott was told her claims would be investigated, but to Ms. Scott's knowledge, no investigation occurred.

38. Ms. Scott published an article in a newsletter for the Association of Veterinarians for Animal Rights (AVAR).

39. Ms. Scott's article in AVAR was posted next to the administration office at Ross University and the Dean forwarded the article via email to the student body.

40. Ms Scott has suffered harassment at Ross University as a result of the e-mail to the student body.

41. Ms. Scott has suffered emotional distress due to her experiences at Ross University.

## COUNT ONE-MISREPRESENTATION

42. Plaintiff incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-41 inclusive of her Complaint.

43. Admissions representative Lisa Miller knowingly and intentionally gave a false response to Plaintiff's question concerning terminal surgeries for the purpose of recruiting students.

44. Plaintiff Jamie Scott was unable to discover elsewhere that Ross University requires students to perform terminal surgeries until her arrival to the school.

45. Plaintiff Jamie Scott was unable to discover that Ross University kills animals for use in student surgeries until her arrival to the school.

46. Admissions representative Lisa Miller is an agent of DeVry University, Inc., as Ross University is a subsidiary of DeVry University, Inc.

4

47. Admissions representative Lisa Miller acted within the scope of her employment in speaking and answering questions on behalf of Ross University.

48. DeVry University, Inc. is liable for the acts of its agent, Ross University

49. Plaintiff Jamie Scott detrimentally relied on the information she was given at the informational seminar in Ft. Collins.

50. As a result, Plaintiff Scott suffered financial loss and emotional distress.

### COUNT TWO-BREACH OF CONTRACT

51. Plaintiff incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-50 inclusive of her Complaint.

52. Plaintiff Jamie Scott, upon signing her acceptance of admission to Ross University believed she had a contract for an education free of terminal surgeries.

53. Defendants have breached their contract with Plaintiff by requiring Plaintiff to participate in terminal surgeries in order to complete her education.

### COUNT THREE-VIOLATION OF FREE EXERCISE OF RELIGION

54. Plaintiff incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-53 inclusive of her Complaint.

55. Plaintiff Jamie Scott's moral principals are what led her to veterinary school and to strategically seek out a school that instructs students using humane methods.

56. Defendants' insistence that Plaintiff Jamie Scott participate in inhumane practices to complete her education offends Plaintiff's right to free exercise of religion under the First Amendment of the U.S. Constitution.

57. Plaintiff Jamie Scott's objections parallel the teachings of traditional religious institutions and should be afforded the same protections.

### COUNT THREE-OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS

58. Plaintiff' incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-57 of her Complaint.

59. Defendants engaged in extreme and outrageous conduct;

60. Defendants did so recklessly or with the intent of causing the Plaintiffs severe emotional distress; and

61. Defendants' conduct caused Plaintiffs severe emotional distress.

**WHEREFORE**, Plaintiff prays for judgment on her Claim for Relief in favor of Plaintiff and against Defendants jointly and severally as follows:

- Emotional distress;
- Defendants assign Plaintiff an alternative program at Ross University that does not involve animals killed by the school for student surgery and does not include terminal surgery.
- Loss of value of property and expenses;
- Plaintiff's costs in this action, including any expert witness fees, and attorneys' fees;
- Treble damages as provided by law;
- Interest on any judgment as provided by law;
- Any other legally recoverable amounts; and
- Such other and further relief that this Court deems just and proper.

February 14, 2008

Respectfully,

*Original signature of Jennifer Reba Thomaidis, #38349, on file and available for inspection pursuant to C.R.C.P. 121.*

/s/ Jennifer Reba Thomaidis
Jennifer Reba Thomaidis
Plaintiff's Attorney

Plaintiff's Address:

PO Box 275
Nederland, Colorado 80466

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct image of the above and foregoing was electronically filed with the clerk of the Boulder County District Court February 14, 2008, and posted in the U.S. Mails, properly addressed to the following:

Clerk of the Court
Boulder County District Court
1777 6th Street
Boulder, Colorado 80302

Charles Stewart
Deputy General Counsel
DeVry, Inc.
Oakbrook Terrace, IL 60181

David DeYoung
Ross University
P.O. Box 334
Bassterre, St. Kitts, West Indies


      By: *Original signature of Jennifer Reba Thomaidis, #39349, on file and available for inspection pursuant to C.R.C.P. 121.*

      /s/ Jennifer Reba Thomaidis
      Jennifer Reba Thomaidis
      Attorney for Plaintiffs

| | |
|---|---|
| BOULDER COUNTY DISTRICT COURT<br>1777 6th Street<br>Boulder, Colorado 80302 | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Feb 14 2008 2:42PM MST<br>Filing ID: 18613574<br>Review Clerk: Natascha Wise |
| Plaintiff:<br>Jamie Scott<br><br>v.<br><br>Defendants:<br>DeVry University, Inc and Ross University School of Veterinary Medicine | ↑   COURT USE ONLY   ↑ |
| Attorney for Plaintiff:<br>Jennifer Reba Thomaidis<br>Thomaidis Law, LLC<br>1866 Vine Street<br>Denver, CO 80206<br>Phone Number: 303-322-4355<br>E-mail: jennifer@thomaidislaw.com<br>FAX Number: 303-322-4354    Reg. #38349 | Case No:<br><br><br><br>Div:         Ctrm: |
| **SUMMONS** | |

THE PEOPLE OF THE STATE OF COLORADO

TO THE ABOVE NAMED DEFENDANTS: **DeVry University, Inc. and Ross University School of Veterinary Medicine**

    You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint. If the service of the summons and complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 20 days after such service upon you. If service of the summons and complaint was made upon you outside the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you.

    If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint without further notice.

    Dated: <u>February 14, 2008</u>

                                                   Jennifer Reba Thomaidis<br>                                                   Attorney for Plaintiff

This summons is issued pursuant to Rule 4, C.R.C.P, as amended

1

| | |
|---|---|
| **BOULDER COUNTY DISTRICT COURT**<br>1777 6th Street<br>Boulder, Colorado 80302 | |
| Plaintiff:<br>**Jamie Scott**<br><br>v.<br><br>Defendants:<br>**DeVry University, Inc and Ross University School of Veterinary Medicine** | FILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Feb 14 2008 2:42PM MST<br>Filing ID: 18613574<br>Review Clerk: Natascha Wise<br><br>↑ COURT USE ONLY ↑ |
| **Attorney for Plaintiff:**<br>Jennifer Reba Thomaidis<br>Thomaidis Law, LLC<br>1866 Vine Street<br>Denver, CO 80206<br>Phone Number: 303-322-4355<br>E-mail: jennifer@thomaidislaw.com<br>FAX Number: 303-322-4354    Reg. #38349 | Case No:<br><br><br>Div:       Ctrm: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2. Check the boxes applicable to this case.

   ☐ Simplified Procedure under C.R.C.P. 16.1 applies to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

   ☒ Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because (check one box below identifying why 16.1 does not apply):

   ☐ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding,       or
   ☒ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)),       or
   ☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: September 25, 2007                                             /s/   Jennifer   Reba   Thomaidis
                                                                                    Signature of Attorney for Party

JDF 601  7/04  DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF
COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT

| | |
|---|---|
| **BOULDER COUNTY DISTRICT COURT**<br>1777 6th Street<br>Boulder, Colorado 80302 | |
| Plaintiff:<br>**Jamie Scott**<br><br>v.<br><br>Defendants:<br>**DeVry University, Inc and Ross University School of Veterinary Medicine** | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Feb 27 2008 12:46PM MST<br>Filing ID: 18771612<br>Review Clerk: Natascha Wise<br><br>✦ COURT USE ONLY ✦ |
| **Attorney for Plaintiff:**<br>Jennifer Reba Thomaidis<br>Thomaidis Law, LLC<br>1866 Vine Street<br>Denver, CO 80206<br>Phone Number: 303-322-4355<br>E-mail: jennifer@thomaidislaw.com<br>FAX Number: 303-322-4354    Reg. #38349 | Case No:<br><br><br><br>Div:          Ctrm: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2. Check the boxes applicable to this case.

   ☐ Simplified Procedure under C.R.C.P. 16.1 applies to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

   ☒ Simplified Procedure under C.R.C.P. 16.1, **does not** apply to this case because (check one box below identifying why 16.1 does not apply):

   ☐ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding,          or

   ☒ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)),          or

   ☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a Jury Demand at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: February 14, 2008                                            /s/   Jennifer   Reba   Thomaidis
                                                                          Signature of Attorney for Party

JDF 601 7/04   DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF
COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT

IN THE
BOULDER COUNTY DISTRICT COURT, STATE OF COLORADO

| | |
|---|---|
| JAMIE SCOTT<br><br>Plaintiff/Petitioner<br><br>vs<br><br>DEVRY UNIVERSITY, INC., AND ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE<br><br>Defendant/Respondent | Hearing Date<br><br>CAUSE NO:<br><br>EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Mar 3 2008 3:48PM MST<br>Filing ID: 18833076<br>Review Clerk: Debra Crosser<br><br>AFFIDAVIT OF SERVICE OF:<br>SUMMONS & COMPLAINT; DISTRICT COURT CIVIL CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the 19th day of February, 2008, at 10:34 AM, at the address of ONE TOWER Lane, OAKBROOK TERRACE, DuPage County, IL 60181; this affiant served the above described documents upon DEVRY UNIVERSITY, INC.,, by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with DEBBI ROUSE, SR LEGAL ASST, A white female approx. 40-45 years of age 5'4"-5'6" in height weighing 200-220 lbs with blonde hair.

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this 19th day of February, 2008.

_____
Robert D Fairbanks, Reg. # 117-001119, IL


SUBSCRIBED AND SWORN to before me this 19th day of February, 2008

_____
NOTARY PUBLIC in and for the State of Illinois
Residing at: _____
My Commission Expires: _____

FOR: THOMAIDIS LAW
REF: Ross University

ORIGINAL PROOF OF SERVICE

Tracking #: 8036098 SEA