**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:08-cv-575-EWN-MEH

JAMIE SCOTT,

    Plaintiff,

v.

DEVRY INC. and ROSS UNIVERSITY SCHOOL OF MEDICINE,
SCHOOL OF VETERINARY MEDICINE LIMITED

    Defendant.

---

**FIRST AMENDED COMPLAINT**

---

Plaintiff Jamie Scott, by and through her undersigned counsel, submits the following Complaint against Defendants DeVry Inc. and Ross University School of Medicine, School of Veterinary Medicine Limited.

**PARTIES**

1. Jamie Scott is a resident of Black Hawk, Colorado with a resident address of 198 Moondance Lane, Black Hawk, Colorado 80403.

2. Defendants DeVry Inc. is a corporation and foreign entity authorized to do business in Colorado with its principal place of business at One Tower Ln, Oakbrook Terrace IL, 60181.

3. Defendants DeVry Inc. has for its registered agent The Corporation Company located at 1675 Broadway Ste. 1200, Denver, Colorado 80202.

4. Ross University School of Medicine, School of Veterinary Medicine (hereinafter "Ross") is located in the Federation of St. Kitts and Nevis with its principal address P.O. Box 334, Basseterre, St. Kitts, West Indies.

5. Ross is a subsidiary of DeVry Inc. (hereinafter "DeVry").

## JURISDICTION AND VENUE

6. Plaintiff incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-5 inclusive of her Complaint.

7. Jurisdiction is proper in this Court pursuant to Colorado's Long Arm Statute §13-1-124, C.R.S.

8. This Court has specific jurisdiction over Defendant DeVry and its subsidiary Ross.

9. DeVry Inc., an Illinois corporation, owns and operates three schools in Colorado, located in: Colorado Springs, Greenwood Village in Denver, and Westminster.

10. Ross regularly conducts informational seminars on its program in Colorado.

11. This matter involves an international location and the Plaintiff is a Colorado resident.

12. Defendants have continuous contacts with the state of Colorado and so can anticipate suit in Colorado.

13. Suit in Colorado would not be unduly burdensome for Defendants.

14. This Court has general jurisdiction over Defendant DeVry.

15. Defendant DeVry owns and operates schools in Colorado creating continuous and systematic general business contacts with the state.

16. Venue is proper in this Court pursuant to Colorado Rule of Civil Procedure 98(c).

## ALLEGATIONS

17. Plaintiff incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-16 inclusive of her Complaint.

18. Plaintiff Jamie Scott sought a veterinary education at a school with humane practices.

19. Ms. Scott applied for admission to Ross in 2006.

20. Ms. Scott was told by the admissions department of Defendant Ross in New Jersey that an informational seminar would be held in Colorado and that she could find answers to her questions concerning the program at that seminar.

21. Ms. Scott attended an informational seminar for Ross in Ft. Collins, Colorado in the Spring of 2006 to further research the program.

22. Lisa Miller, an admissions representative for Ross, spoke at the informational seminar in Ft. Collins, Colorado and does so on a continuous and regular basis and responded to questions from attendants.

23. At the seminar, Ms. Scott specifically asked if terminal surgeries were performed at Ross.

24. Lisa Miller responded that terminal surgeries were performed but were optional.

25. The website for Ross does not include a requirement for students to perform terminal surgeries.

26. Ms. Scott accepted admission to Ross based on her knowledge that Ross did not require students to perform terminal surgeries, and felt confident that humane practices were kept at the school.

27. Ms. Scott currently attends Ross and has incurred expenses in excess of tens of thousand dollars to be able to relocate to St. Kitts and for tuition and living expenses

3

while at school.

28. Ross holds an admissions department at 499 Thornall Street, 10th Floor, Edison, NJ 08837.

29. Immediately upon her arrival at Ross, Ms. Scott discovered that students were required to perform terminal surgeries on a tour of the school where the tour leader pointed to a donkey that would be used for terminal surgeries.

30. There are many equally beneficial alternatives available to the cruel and archaic method of teaching veterinary medicine through terminal surgeries.

31. Ross kills or has killed dogs, donkeys, and sheep for use in student surgeries.

32. Ms. Scott immediately attempted to resolve the issue of required terminal surgeries with Dr. Guy St. Jean, head of surgery.

33. Ms. Scott was told by Dr. St. Jean that she should drop out of the program because if she refused to participate in the terminal surgeries, she would fail.

34. Ms. Scott proceeded to speak with Associate Dean Sean Fox and requested a meeting with the Dean of the University of Defendant Ross.

35. Associate Dean Sean Fox was unsuccessful in getting Ms. Scott a meeting with the Dean of the University and she was told she was wasting her time.

36. During her second semester Ms. Scott wrote a letter to the Dean of the University requesting a meeting and was granted one.

37. In the meeting with the Dean, Ms. Scott was told her claims would be investigated, but to Ms. Scott's knowledge, no investigation occurred.

38. Ms. Scott published an article in a newsletter for the Association of Veterinarians for Animal Rights (AVAR).

39. Ms. Scott's article in AVAR was posted next to the administration office at Ross and the Dean forwarded the article via email to the student body.

40. Ms Scott has suffered harassment at Ross as a result of the e-mail to the student body.

41. Ms. Scott has suffered emotional distress due to her experiences at Ross.

## COUNT ONE-MISREPRESENTATION

42. Plaintiff incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-41 inclusive of her Complaint.

43. Admissions representative Lisa Miller knowingly and intentionally gave a false response to Ms. Scott's question concerning terminal surgeries for the purpose of recruiting students.

44. Ms. Scott was unable to discover elsewhere that Ross requires students to perform terminal surgeries until her arrival to the school.

45. Ms. Scott was unable to discover that Ross kills animals for use in student surgeries until her arrival to the school.

46. Admissions representative Lisa Miller is an agent of DeVry Inc., as Ross is a subsidiary of DeVry Inc.

47. Admissions representative Lisa Miller acted within the scope of her employment in speaking and answering questions on behalf of Ross.

48. DeVry Inc. is liable for the acts of its agent, Ross.

49. Ms. Scott detrimentally relied on the information she was given at the informational seminar in Ft. Collins.

50. As a result, Ms. Scott suffered financial loss and emotional distress.

5

## COUNT TWO-BREACH OF CONTRACT

51. Ms. Scott incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-50 inclusive of her Complaint.

52. Ms. Scott, upon signing her acceptance of admission to Ross believed she had a contract for an education free of terminal surgeries.

53. Defendants have breached their contract with Ms. Scott by requiring her to participate in terminal surgeries in order to complete her education.

## COUNT THREE-PROMISSORY ESTOPPEL

54. Ms. Scott incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-53 of her Complaint.

55. Lisa Miller, in her capacity as defendants' admissions representative and information agent in the state of Colorado, promised Ms. Scott she would not be required to perform terminal surgeries while in attendance at Ross.

56. Defendant could have and should have foreseen that Ms. Scott would substantially rely on this promise in making the decision on where to attend veterinary school.

57. Ms. Scott relied reasonably on that expectation by applying to and attending Ross.

58. Ms. Scott relied to her detriment on the defendant's promise by incurring expenses for relocation costs and tuition.

59. Accordingly, Defendant is estopped from denying that it is liable for costs incurred by Ms. Scott in reliance on this promise.

## COUNT FOUR-VIOLATION OF FREE EXERCISE OF RELIGION

60. Ms. Scott incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-59 inclusive of her Complaint.

61. Ms. Scott's moral principals are what led her to veterinary school and to strategically seek out a school that instructs students using humane methods.
62. Defendants' insistence that Ms. Scott participate in inhumane practices to complete her education offends her right to free exercise of religion under the First Amendment of the U.S. Constitution.
63. Ms. Scott objections parallel the teachings of traditional religious institutions and should be afforded the same protections.

### COUNT FIVE-OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS

64. Ms. Scott incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1-63 of her Complaint.
65. Defendants engaged in extreme and outrageous conduct by posting Ms. Scott's article in AVAR next to the administration office at Ross, forwarding the article via e-mail to the student body, and other outrageous conduct as well.
66. Defendants did so recklessly or with the intent of causing the Ms. Scott severe emotional distress; and
67. Defendants' conduct caused Ms. Scott's severe emotional distress because she suffered harassment at Ross as a result of the e-mail.

**WHEREFORE**, Ms. Scott prays for judgment on her Claim for Relief in favor of Ms. Scott and against Defendants jointly and severally as follows:

- Emotional distress;
- Defendants assign Ms. Scott an alternative program at Ross that does not involve animals killed by the school for student surgery and does not include terminal surgery.

7

- Loss of value of property and expenses;

- Ms. Scott's costs in this action, including any expert witness fees, and attorneys' fees;

- Treble damages as provided by law;

- Interest on any judgment as provided by law;

- Any other legally recoverable amounts; and

- Such other and further relief that this Court deems just and proper.

May 23, 2008

Respectfully,

*Original signature of Jennifer Reba Thomaidis, #38349,on file and available for inspection pursuant to C.R.C.P. 121.*

/s/ Jennifer Reba Thomaidis
Attorney for Plaintiff
Jennifer Reba Thomaidis
The Animal Law Center
4465 Kipling Street Suite 108
Wheat Ridge, CO 80033
Phone Number: 303-322-4355
E-mail: jrt@theanimallawcenter.com
FAX Number: 303-322-4354    Reg. #38349

Plaintiff's Address:
198 Moondance Lane
Black Hawk, Colorado 80403

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of March, 2008, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** was filed and served using Justice Link, emailed and/or deposited in the United States mail, postage prepaid, properly addressed to:

Clerk of the Court
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

David D. Powell, Jr.
Leah P. VanLandschoot
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
dpowell@bhfs.com
lvanlandschoot@bhfs.com

Lisa Zeiler Joiner
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
ljoiner@fulbright.com


By: *Original signature of Jennifer Reba Thomaidis, #39349, on file and available for inspection pursuant to C.R.C.P. 121.*

/s/ Jennifer Reba Thomaidis
Attorney for Plaintiff
Jennifer Reba Thomaidis
The Animal Law Center
4465 Kipling Street Suite 108
Wheat Ridge, CO 80033
Phone Number: 303-322-4355
E-mail: jrt@theanimallawcenter.com
FAX Number: 303-322-4354    Reg. #38349