# Exhibit C

LEXSEE 1994 US DIST LEXIS 11858

**MICHAEL A. GALIETI, Plaintiff, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND E.A., MOSKALSKI, Defendants.**

**Civil Action No. 92-B-2467**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

*1994 U.S. Dist. LEXIS 11858*

**May 4, 1994, Decided**
**May 4, 1994, Filed; May 5, 1994, Entered**

**JUDGES:** [*1] BABCOCK

**OPINION BY:** BY THE COURT; LEWIS T. BABCOCK

**OPINION**

ORDER

Defendants State Farm Mutual Insurance Company (State Farm) and E.A. Moskalski (Moskalski) move pursuant to *Federal Rule of Civil Procedure 56* for summary judgment on all of the claims against them. For the reasons set forth below, I will grant summary judgment on the breach of contract and promissory estoppel claims. The remaining claims will be set for hearing at 3:30 p.m. on June 3, 1994.

I.

Plaintiff Michael A. Galieti (Galieti) worked for State Farm from 1971 to 1992. He began his relationship with State Farm as an independent contractor agent and ultimately became Agency Director, an executive position at State Farm. Galieti was terminated from his position in 1991, allegedly because he had sexually harassed women that he worked with, and because he was insubordinate. Galieti alleges that his termination was improper, as defendant Moskalski, his former supervisor, knew that allegations of sexual harassment were false.

Galieti filed this action alleging claims for wrongful discharge/breach of contract, promissory estoppel, tortious interference with contract, defamation, and intentional infliction of emotional distress. Defendants now [*2] move for summary judgment on all claims against them.

II.

Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Fed.R.Civ.P. 56(c)*. Affidavits and evidence offered by a nonmovant must create a genuine issue for trial; viewing the evidence in the light most favorable to the nonmovant, it is not enough that the evidence be "merely colorable" or anything short of "significantly probative." *Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991)* (quoting *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986))*. When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Id.; see also Anderson, 477 U.S. at 248-52*.

III.

**1) Breach of Contract**

In Colorado, there is a presumption that an employee who is hired for an indefinite period of time is an at-will employee whose employment [*3] may be terminated without cause or notice. *Continental Airlines, Inc. v. Keenan, 731 P.2d 708, 711 (Colo. 1987)*. Colorado courts have recognized implied employment contracts in only limited situations. One such situation is where statements made in an employee handbook limiting an employer's right to discharge employees rise to the level of an

1994 U.S. Dist. LEXIS 11858, *3

enforceable implied contract. *Keenan, 731 P.2d at 711.*

Under an implied contract theory, the statements in the employee manual must be a manifestation of the employer's willingness to enter into a bargain that would justify the employee in understanding that his or her assent was invited. *Id.* The employee bears the burden of establishing the existence of an implied contract. *Id. at 712.*

Summary judgment dismissing breach of contract claims based on employee handbook provisions is appropriate if the employer has clearly and conspicuously disclaimed intent to enter a contract limiting its right to discharge employees. *Ferrera v. Nielsen, 799 P.2d 458, 461 (Colo. App. 1990); see also Redies v. Nationwide Mutual Insurance Co., 711 F. Supp. 570, 573 (D. Colo. 1989).* [*4]

The State Farm handbook contains the following disclaimer on page one:

> NOTHING IN THIS BOOK SHALL CREATE OR IS INTENDED TO CREATE, OR SHALL BE CONSTRUED TO CONSTITUTE A CONTRACT OF EMPLOYMENT, EXPRESS OR IMPLIED.

(Def. Mot. for S.J., Exhibit 2 at "b"). This disclaimer is printed on a page by itself, in boldface, capitalized type at the front of the binder, before the index. The additional language, below, is printed on the first informational page, immediately after the index:

> This overview of personnel policies, rules, guidelines, procedures, and benefits for State Farm employees is provided as a matter of information only, and is subject to change, suspension or cancellation, in whole or in part, at any time at State Farm's discretion.

The State Farm disclaimer is similar to the disclaimers reviewed by the Colorado Court of Appeals in *Ferrera v. Nielsen, 799 P.2d 458 (Colo. App. 1990)* and by the Colorado Federal District Court in *Redies v. Nationwide Mutual Insurance Co., 711 F. Supp. 570 (D. Colo. 1989),* which were held insufficient to provide the basis for an implied contract claim.

Galieti relies on [*5] *Evenson v. Colorado Farm Bureau Mutual Insurance Co.,* 17 Brief Times Reporter 2036 (Colo. App. 1993), in arguing that summary judgment is inappropriate on his implied contract claim. In *Evenson,* the Colorado Court of Appeals reversed the trial court's dismissal of a breach of implied contract claim holding that, even if there is a disclaimer in the manual, an employer may nevertheless be found to have manifested an intent to be bound by the terms of the manual if the manual contains mandatory termination procedures or requires "just cause" for termination. *Id.* at *16-17. I find *Evenson* distinguishable as, here, the State Farm manual requires neither mandatory termination procedures in all cases, nor does it specifically require "just cause" for termination. *Cf. Dickey v. Adams County School District No. 50, 773 P.2d 585 (Colo. App. 1988), aff'd, 791 P.2d 688 (Colo. 1990)* (handbook expressly required "just and good causes" for dismissal); *Cronk v. Intermountain Rural Electric Ass'n, 765 P.2d 619 (Colo. App. 1988)* (handbook required just cause for dismissal). Instead, State Farm's [*6] handbook expressly reserves the right to discharge employees without prior warning. The State Farm manual provides:

> State Farm attempts to employ only those people who possess the ability to succeed. Our goal is employee improvement, not employee discharge. Unfortunately, there may be employees who cannot or will not perform to company standards or who commit acts warranting release or discharge.
>
> It is State Farm's policy to counsel employees who fail to meet performance standards, rather than resort to immediate discharge. However, if an employee fails to attain and maintain satisfactory performance levels including acceptable attendance, the company may have no choice but to exercise its right to terminate the employee's service. Some activities such as AWOL, misconduct, and gross misconduct by an employee can result in discharge without prior warning. Examples of misconduct include, but are not limited to: dishonesty; insubordination; . . .

(Def. Mot. for S.J., Exhibit 25.)

1994 U.S. Dist. LEXIS 11858, *6

I conclude that State Farm's disclaimer is sufficiently clear and conspicuous to inform employees that State Farm did not intend to be bound by the provisions of the handbook. Under these circumstances, **[*7]** I conclude, as a matter of law, that the handbook does not constitute a contract limiting State Farm's right to terminate employees.

Galieti insists that State Farm has a policy of requiring "cause" for termination, and a specific termination procedure that should have been followed. In addition to the employee manual, Galieti points to verbal representations made by company officials. Accepting these representations as true, I conclude that they are too ambiguous and indefinite to rise to the level of an implied contract in light of the clear and conspicuous disclaimer contained in the employee manual.

Galieti further claims that defendants breached an implied term of continued employment with State Farm. Galieti states he expected that his term of appointment was for "a career," possibly even for life. Subjective expectations alone, however, do not rise to the level of an implied employment contract. *Therrien v. United Air Lines, Inc., 670 F. Supp. 1517, 1523 (D. Colo. 1987)*. Galieti points out examples in which it was indicated to him that his employment was long-term. For example, Galieti alleges that State Farm agreed in December 1991, that if he **[*8]** left the Mountain States Region, he could find another State Farm region to work for.

Galieti has not pointed to any statements indicating that he was hired for a specific term or on a permanent basis. The statements on which he relies are too ambiguous and indefinite to be considered offers of employment for a specific term. As a matter of law, such evidence does not amount to an offer of lifetime employment sufficient to establish an implied contract. I will grant summary judgment in favor of defendants on Galieti's claim for breach of implied contract.

### 2) Promissory Estoppel

As an alternative to his breach of contract claim, Galieti seeks relief based on promissory estoppel. Galieti alleges he relied on promises of continued employment, that cause was necessary for termination, and that specific termination procedures would be followed.

Even when the requisites for formation of a contract are not found, an employee may be entitled to enforce the termination procedures in a handbook under a theory of promissory estoppel. *Continental Air Lines, Inc. v. Keenan, 731 P.2d 708, 711 (Colo. 1987)*. To succeed, an employee must demonstrate that the employer **[*9]** should reasonably have expected the employee to consider the employee manual as a commitment from the employer to follow the termination procedures, that the employee reasonably relied on the termination procedures to his detriment, and that injustice can be avoided only by enforcement of the termination procedures. *Keenan at 712*. Unless this preliminary factual showing is sufficient to overcome the presumption of an employment terminable at the will of either party, the employee's cause of action should fail. *Id.*

As indicated above, the State Farm manual requires neither mandatory termination procedures in all cases, nor does it specifically require "just cause" for termination. Moreover, the clear and conspicuous disclaimer prevents the statements made in the manual from rising to the level of a commitment and prevents Galieti's alleged reliance on such statements from being reasonable.

Galieti also relies on verbal representations made by company officials to establish the promises on which he relies. These statements, however, are too ambiguous and indefinite to rise to the level of enforceable promises. Gal has failed to make a factual showing sufficient to overcome the **[*10]** presumption of an employment at will. I will grant summary judgment in favor of defendants on Galieti's claim for promissory estoppel.

### 3) Remaining Claims

I will hear oral argument on the summary judgment motion as to Galieti's remaining claims at 3:30 p.m. on June 3, 1994.

Accordingly, it is ORDERED that:

1) summary judgment is GRANTED in favor of defendants on Galieti's claims for breach of implied contract and promissory estoppel;

2) the trial date of May 31, 1994, and the final trial preparation conference scheduled for May 12, 1994, are VACATED;

3) oral argument on the summary judgment motion as to Galieti's remaining claims will be held at 3:30 p.m.

1994 U.S. Dist. LEXIS 11858, *10

on June 3, 1994.

Dated: May 4, 1994 in Denver, Colorado.

BY THE COURT:

LEWIS T. BABCOCK, JUDGE

.