IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-575-EWN-MEH

JAMIE SCOTT,

    Plaintiff,

v.

DEVRY INC. and ROSS UNIVERSITY SCHOOL OF MEDICINE,
SCHOOL OF VETERINARY MEDICINE LIMITED

    Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

**1.　DATE OF CONFERENCE
AND APPEARANCE OF COUNSEL AND *PRO SE* PARTIES**

The Scheduling Conference will take place on June 19, 2008.

Counsel for Plaintiff Jamie Scott:

Jennifer Reba Thomaidis
The Animal Law Center, LLC
4465 Kipling Street, Suite 108
303-322-4355

Floyd M. Youngblood
Floyd M. Youngblood, P.C.
4465 Kipling St., Suite 102
Wheat Ridge, CO 80033

Counsel for Defendants DeVry Inc. and Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited:

David D. Powell, Jr. (appearing at Scheduling Conference)
Leah P. VanLandschoot
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
303-223-1100

Lisa Zeiler Joiner
John M. Simpson (appearing at Scheduling Conference by telephone)
Ashley E. Seuell
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-662-0200

## 2. STATEMENT OF JURISDICTION

Statement of Plaintiff:  Jurisdiction is proper in this court pursuant to Colorado's Long Arm Statute § 13-1-124, C.R.S.  This court has specific jurisdiction over Defendants because DeVry Inc. owns and operates three schools in Colorado and Ross University conducts informational seminars on its programs in Colorado.  Defendants thus have continuous contacts with the State of Colorado and so can anticipate suit here.  This court has general jurisdiction over Defendant DeVry because they have created continuous and systematic general business contacts with the state.

Statement of Defendant:  DeVry Inc. ("DeVry") contests personal jurisdiction.  This Court lacks specific personal jurisdiction over DeVry, as DeVry does not have minimum contacts with Colorado which gave rise to this action.  There are no allegations involving any conduct or actions by DeVry, and Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited ("Ross") is not DeVry's agent.  This Court lacks general personal jurisdiction over DeVry because DeVry does not have continuous and systematic contacts with the state that would render it foreseeable that DeVry may be haled into court here.  DeVry is not authorized to do business in Colorado and has no offices or other locations here.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff:</u>  Jamie Scott makes the following claims: 1) Misrepresentation, 2) Breach of Contract, 3) Promissory Estoppel, 4) Violation of Free Exercise of Religion, and 5) Outrageous Conduct Causing Severe Emotional Distress.

b. <u>Defendant:</u>  Defendants DeVry and Ross have moved for dismissal of the First Amended Complaint pursuant to Federal Rules 8, 9, and 12(b). More specifically, the Defendants have moved for dismissal of the complaint against DeVry for lack of personal jurisdiction; dismissal of the entire complaint as to both defendants for failure to state a claim upon which relief may be granted; dismissal of Count I (misrepresentation) for failure to satisfy Rule 9(b)'s heightened pleading standard for fraud; and dismissal of Counts II (breach of contract), III (promissory estoppel), and V (outrageous conduct) for failure to satisfy the pleading standard of Rule 8.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

a. The names and addresses of Jamie Scott, DeVry, and Ross are not in dispute.

b. Plaintiff Jamie Scott is currently a student at Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited.

### 5. COMPUTATION OF DAMAGES

Ms. Scott seeks relief jointly and severally as follows:

- Emotional distress;

- Defendants assign Ms. Scott an alternative program at Ross that does not involve animals killed by the school for student surgery and does not include terminal surgery;

- Treble damages as provided by law;

3

- Loss of value of property and expenses, including, but not limited to, tuition and relocation costs, to an amount in excess of $160,000 before treble damages;

- Ms. Scott's costs in this action, including any expert witness fees, and attorneys' fees;

- Any other legally recoverable amounts; and

- Such other and further relief that this Court deems just and proper.

Defendants have not as of yet filed a claim against plaintiff.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The Rule 26(f) meeting was held on June 2, 2008.

b. Names of each participant and party he/she represented.

For the Plaintiff:
Jennifer Reba Thomaidis
The Animal Law Center
4465 Kipling Street Suite 108
Wheat Ridge, CO 80033
Phone Number: 303-322-4355

Floyd M. Youngblood
Floyd M. Youngblood, P.C.
4465 Kipling St., Suite 102
Wheat Ridge, CO 80033

For the Defendants:
John Simpson
Ashley Seuell
Fulbright & Jaworski, LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-662-0200

c. No changes are proposed in timing or requirement of disclosures under Fed. R. Civ. 26(a)(1).

d. Rule 26(a)(1) disclosures for Scott and Ross will be made on June 16, 2008. As DeVry Inc. was not served until June 2, 2008, the date of the Rule 26(f)

4

    conference, DeVry's Rule 26(a)(1) disclosures will be made on or before July 2, 2008, in accordance with Rule 26(a)(1)(D).

e. At this time there is no agreement to conduct informal discovery.  The parties will proceed as scheduled by this Court's Scheduling Order.

f. The parties have discussed the preservation and production of electronic information.  Plaintiff's electronic support for claims is not extensive but has been preserved as necessary.  The Defendants have taken appropriate steps to preserve electronic information through a litigation hold notice sent to all individuals likely to have discoverable communications or other documents.  The parties have agreed that the most cost effective way to produce electronic information will be utilized, which at this point is hard-copy paper form.  The parties reserve their respective rights to seek production in another form should that become necessary.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge for purposes of trial of this matter.

## 8. CASE PLAN AND SCHEDULE

a. The deadline to join a party or amend a pleading is set at July 9, 2008, except that the defendants shall have the time permitted by Rule 12(a)(4) to serve a responsive pleading.

b. The cut-off for fact discovery is set at November 20, 2008.

c. The dispositive motion deadline is set at December 20, 2008.

d. Expert Witness Disclosures:

(1) Anticipated Fields of Expert Testimony: The plaintiff may retain one or two experts on the subject of veterinary school programs. The defendants do not believe that the fields of expert testimony designated by plaintiff are relevant to this case but reserve the right to retain rebuttal experts on the subject of veterinary school programs. Further, the defendants reserve the right to seek a mental examination of Jamie Scott pursuant to Federal Rule of Civil Procedure 35.

(2) Limitations on the number of expert witnesses: None proposed.

(3) The plaintiff shall designate all experts and provide opposing counsel with all information specified in Federal Rule 26(a)(2) on or before December 20, 2008.

(4) The defendant shall designate all experts and provide opposing counsel with all information specified in Federal Rule 26(a)(2) on or before January 20, 2009.

(5) Expert discovery shall be completed no later that February 20, 2009.

(6) Notwithstanding the provisions of Federal Rule 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule – TBD

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Teri Barnato | TBD | TBD | TBD |
| Lisa Miller | TBD | TBD | TBD |
| Dean DeYoung | TBD | TBD | TBD |
| Jamie Scott | TBD | TBD | TBD |

    f.    Interrogatory Schedule:  The deadline for serving written discovery is October 10, 2008.

    g.    Schedule for Request for Production of Documents:  The deadline for serving requests of the production of documents is October 10, 2008.

    h.    Discovery Limitations:

        (1)    Limit on Number of Depositions:  In accordance with Fed. R. Civ. P. 30(a)(2)(A)(i), Plaintiff proposes a limit of ten depositions.  Defendants propose a limit of five depositions per side.

        (2)    Limit on Length of Depositions:  In accordance with Fed. R. Civ. P. 30(d)(1), the parties propose that depositions be limited to one day of seven hours.

        (3)    Modifications on Number of Interrogatories:  Plaintiff does not wish to modify these numbers at this time.  Defendants propose a limitation of twenty interrogatories per side.

        (4)    Modifications on Number of Requests for Production of Documents and/or Requests for Admissions:  Plaintiff does not propose any limitation on number of requests for production of documents and/or requests for

7

admissions at this time. Defendants propose a limit of twenty requests for production and twenty requests for admission per side.

h. Other Planning or Discovery Orders: At this time, the parties do not anticipate that any protective orders will be necessary. However, the parties reserve the right to seek protective order(s) should the need arise.

## 9. SETTLEMENT

The parties have discussed the possibility of settlement or resolution by alternative dispute resolution. At this time, the parties do not feel that this matter is appropriate for alternative dispute resolution. A settlement demand letter was submitted by Plaintiff's counsel on June 6, 2008, but the parties have not agreed upon a settlement.

Should the parties undertake any future settlement meetings, they will inform the magistrate judge assigned to supervise settlement discussions within ten days of such meeting.

## 10. OTHER SCHEDULING ISSUES

a. At this time, there are no additional discovery or scheduling issues on which counsel have been unable to reach an agreement.

b. Trial shall be to a jury and is anticipated to last 3-5 days.

## 11. DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on_____ at _____ o'clock ___.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

( ) *Pro se* parties, attorneys, and client representatives with authority to settle must be

8

present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.  Status conferences will be held in this case at the following dates and times:

c.  A final pretrial conference will be held in this case on at_____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12.  OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all *pro se* parties.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The dates contained in this Scheduling Order may be altered or amended only upon a showing of good cause.  A Motion to Amend or Modify the Scheduling Order shall be in writing and set forth in detail the facts upon which the moving party relies in support of said motion.

DATED this _____ day of _____ 200\_\_.

BY THE COURT:

_____
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| | *s/ David D. Powell, Jr.* |
| Jennifer Reba Thomaidis | David D. Powell, Jr. |
| The Animal Law Center, LLC | Leah P. VanLandschoot |
| 4465 Kipling Street, Suite 108 | Brownstein Hyatt Farber Schreck, LLP |
| 303-322-4355 | 410 17th Street, Suite 2200 |
| Attorney for Plaintiff | Denver, CO 80202 |
| | 303-223-1100 |
| | |
| | Lisa Zeiler Joiner |
| | John M. Simpson |
| | Ashley E. Seuell |
| | Fulbright & Jaworski LLP |
| | 801 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20004 |
| | 202-662-4598 |
| | |
| | Attorneys for Defendant |

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 12th day of June, 2008, a true and correct copy of the foregoing **PROPOSED SCHEDULING ORDER** was filed and served using Justice Link, emailed and/or deposited in the United States mail, postage prepaid, properly addressed to:

Clerk of the Court
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

David D. Powell, Jr.
Leah P. VanLandschoot
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
dpowell@bhfs.com
lvanlandschoot@bhfs.com

Lisa Zeiler Joiner
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
ljoiner@fulbright.com

                              By: *Original signature of Jennifer Reba Thomaidis, #39349, on file and available for inspection pursuant to C.R.C.P. 121.*

                              /s/ Jennifer Reba Thomaidis
                              Attorney for Plaintiff
                              Jennifer Reba Thomaidis
                              The Animal Law Center
                              4465 Kipling Street Suite 108
                              Wheat Ridge, CO 80033
                              Phone Number: 303-322-4355
                              E-mail: jrt@theanimallawcenter.com
                              FAX Number: 303-322-4354    Reg. #38349