**PLAINTIFF EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-575-EWN-MEH

JAMIE SCOTT,

    Plaintiff,

v.

DEVRY INC. and ROSS UNIVERSITY SCHOOL OF MEDICINE,
SCHOOL OF VETERINARY MEDICINE LIMITED

    Defendant.

---

### AFFIDAVIT OF JAMIE SCOTT

---

I, Jamie Scott, being first duly sworn under oath, state and affirm the following:

1) The information contained in this Affidavit is true and is based upon my knowledge.

2) I am a resident of Black Hawk, Colorado with a resident address of 198 Moondance Lane, Black Hawk, Colorado 80403.

3) I have always held strong moral, ethical and religious views about how animals should be treated. When deciding which veterinary teaching institution to attend, I sought to find a school that practiced humane teaching methods, in line with my belief system.

4) I had researched this matter and knew that most programs do not have a terminal surgery requirement and that very reasonable alternatives to terminal surgeries are available to

5) I sought a veterinary education at a school with humane practices.

6) When I contacted the admissions department of Ross in New Jersey regarding my desire for an education without terminal surgeries, I was told that an informational seminar would be held in Colorado and that I could find answers to my questions concerning the program at that seminar.

7) I attended an informational seminar for Ross in Ft. Collins, Colorado in the spring of 2006 to further research the program.

8) Lisa Miller, an admissions representative for Ross University, spoke at the informational seminar I attended in Ft. Collins, Colorado and responded to questions asked by the attendants.

9) At the seminar, I specifically asked if terminal surgeries were performed at Ross, as this was one of my chief concerns in choosing a veterinary school.

10) Lisa Miller responded that terminal surgeries were performed but were optional.

11) The website for Ross does not include a statement indicating a requirement for students to perform terminal surgeries.

12) I applied for admission to Ross in 2006.

13) I accepted admission to Ross based on my knowledge that Ross did not require students to perform terminal surgeries, and felt confident that humane practices were kept by the school.

14) Relying on this information, I then enrolled in Ross and moved all of my belongings, leaving my family, pets, and two jobs behind in Colorado. The move to attend Ross cost my entire savings.

2

15) I currently attend Ross University and have incurred expenses in excess of tens of thousands dollars to be able to relocate to St. Kitts, for tuition, and in living expenses while at school.

16) Upon arrival at Ross, on a tour of the school, the tour leader pointed to a donkey that would be used for terminal surgeries.

17) I spoke with Dr. Guy St. Jean, head of surgery, and I discovered that students are, in fact, required to perform terminal surgeries.

18) Knowing that I at this point I had already spent all of my savings to move to St. Kitts to attend Ross and had already taken out student loans, I approached the administration to see if we could resolve the issue or think about transferring before the time came to take part in the terminal surgery labs.

19) Again, I approached and immediately attempted to resolve the issue of required terminal surgeries with Dr. St. Jean.

20) After discussions with Dr. St. Jean, I was told that I should drop out of the program because if I refused to participate in the terminal surgeries, I would fail.

21) I proceeded to speak with Associate Dean Sean Fox, who was unable to help.

22) Associate Dean Sean Fox suggested that I meet with the Dean DeYoung, Dean of the University.

23) Associate Dean Fox was unsuccessful in setting a meeting with me and Dean DeYoung, and I was told I was wasting my time.

24) I continued to attempt to make contact with Dean DeYoung. I wrote a letter to the Dean of the University requesting a meeting with him and was granted one, during my second semester.

07/14/08   13:38   FAX 869 465 3001            CABLE & WIRELESS                          ☒01

25) In the meeting with the Dean, I was told my claims would be investigated, but to my knowledge, no investigation occurred.

26) Dean DeYoung offered my tuition back to me if I chose to leave the school. Ultimately, I could not feasibly accept this offer; as it did not cover all of the costs I had incurred in choosing attend Ross.

27) Dean DeYoung offered to assist me in securing admission to another school, but failed to follow through.

28) At this point, I felt stuck and hopeless. My savings were gone and I was living off student loans with nowhere to turn.

29) I spoke with the Association of Veterinarians for Animal Rights ("AVAR") about my issues.

30) I was interviewed in an article regarding terminal surgery practices in a newsletter for AVAR.

31) My article in the AVAR newsletter was posted next to the administration office at Ross and the Dean forwarded the article via email to the student body.

32) As a result of the e-mail pertaining to my situation which was sent to the student body, I endured harassment, received threatening e-mails, and was ostracized, ridiculed, and harassed by the Ross community. I had difficulty finding lab partners and a study group, and believe my grades suffered as a result.

33) AVAR found counsel for me to help mitigate my increasing damages.

34) With the expertise of AVAR, I offered alternatives, as they are humanely implemented at other veterinary schools, to Ross's program, however all of my ideas were ignored or dismissed.

35) When all ideas and any hope that Ross would offer an alternative to terminal surgeries were exhausted, I filed suit in the State Court of Colorado to recover for my extensive and ongoing damages.

*Jamie Scott*        14-July-08

**Jamie Scott**        Dated

Subscribed and Sworn to me on the 14th day of July, 2008.

_____
**SEAL**        Signature of Notary

PATRICIA A. DUBLIN
NOTARY PUBLIC
ST. KITTS-NEVIS

DOES NOT EXPIRE
My Commission Expires