IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 1:08-cv-575-EWN-MEH

JAMIE SCOTT,

    Plaintiff,

v.

DEVRY INC. and ROSS UNIVERSITY SCHOOL OF MEDICINE,
SCHOOL OF VETERINARY MEDICINE LIMITED

    Defendants.

---

**PRELIMINARY PRETRIAL ORDER**

---

**1. DATE OF CONFERENCE**

The preliminary pretrial conference is scheduled for September 17, 2008.

**2. STATEMENT OF JURISDICTION**

<u>Statement of Plaintiff:</u>  Jurisdiction is proper in this court pursuant to Colorado's Long Arm Statute § 13-1-124, C.R.S.  This court has specific jurisdiction over Defendants because DeVry Inc. owns and operates three schools in Colorado and Ross University conducts informational seminars on its programs in Colorado.  Defendants thus have continuous contacts with the State of Colorado and so can anticipate suit here.  This court has general jurisdiction over Defendant DeVry because they have created continuous and systematic general business contacts with the state.

<u>Statement of Defendants:</u>  DeVry Inc. ("DeVry") contests personal jurisdiction.  This Court lacks specific personal jurisdiction over DeVry, as DeVry does not have minimum

contacts with Colorado which gave rise to this action. There are no allegations involving any conduct or actions by DeVry, and Ross University School of Medicine, School of Veterinary Medicine Limited ("Ross") is not DeVry's agent in Colorado. This Court lacks general personal jurisdiction over DeVry because DeVry does not have continuous and systematic contacts with the state that would render it foreseeable that DeVry may be haled into court here. DeVry is not authorized to do business in Colorado and has no offices or other locations here.

The Defendants are confident that the Court can determine this jurisdictional issue in advance of trial.

### 3. CLAIMS AND DEFENSES

The claims have not narrowed or changed since the entry of the Scheduling Order.

Plaintiff Jamie Scott makes the following claims: 1) Misrepresentation; 2) Breach Of Contract; 3) Promissory Estoppel; 4) Violation of Free Exercise of Religion; and 5) Outrageous Conduct Causing Severe Emotional Distress.

Scott seeks the following relief: 1) Emotional Distress; 2) Defendants' assign Ms Scott an alternative program at Ross that does not involve animals killed by the school for student surgery and does not include terminal surgery; 3) Treble damages as provided by law; 4) Loss of value of property and expenses, including, but not limited to, tuition and relocation costs, to an amount in excess of $160,000 before treble damages; 5) Ms. Scott's costs in this action, including any expert witness fees, and attorneys' fees; 6) Any other legally recoverable amounts; and 7) Such other and further relief that this Court deems just and proper.

Defendants DeVry and Ross have moved for dismissal the First Amended Complaint pursuant to Federal Rules 8, 9, and 12(b). More specifically, the Defendants have moved for dismissal of the complaint against DeVry for lack of personal jurisdiction; dismissal of the entire

complaint as to both defendants for failure to state a claim upon which relief may be granted; dismissal of Count I (misrepresentation) for failure to satisfy Rule 9(b)'s heightened pleading standard for fraud; and dismissal of Counts II (breach of contract), III (promissory estoppel), and V (outrageous conduct) for failure to satisfy the pleading standard of Rule 8.  In addition, the Defendants are prepared to refute all of Scott's allegations, including the key allegation that a Ross representative made a misrepresentation to the plaintiff about the terminal surgery requirement in Ross's curriculum.  Defendants believe that the undisputed material facts will show, either at the summary judgment stage or at trial, that plaintiff has no claim in contract or tort against either defendant and that any such cause of action has either been waived or extinguished through ratification.  Moreover, there is no legal basis for any claim of either treble damages or attorneys fees in this case.

## 4. PENDING MOTIONS

There is a pending Motion to Dismiss the Plaintiff's Complaint which was filed by Defendants on June 9, 2008.  A Response to Defendants' Motion to Dismiss was filed by the Plaintiff on July 14, 2008.  On August 1, 2008, the Defendants filed a Reply in Support of the Motion to Dismiss.

## 5. WITNESSES

a.   **Non-Expert Witnesses**

The following may be called by Plaintiff:

    (1)   Dr. David DeYoung

    (2)   Lisa Miller

    (3)   Jamie Scott

    (4)   Catherine Critz

   (5) Dr. N. Sean Fox

   (6) Teri Barnato

  The following may be called by the Defendants:

   (1) Dr. David DeYoung

   (2) Lisa Miller

   (3) Lori Muramoto

   (4) Dr. N. Sean Fox

   (5) Dr. Guy St. Jean

   (6) Dr. Thomas Shepherd

   (7) Jamie Scott

  b. The names, addresses, and telephone numbers of any additional non-expert witnesses must be disclosed in writing to opposing counsel within ten (10) days of the date on which they become known or, in the exercise of due diligence, should have become known. *See* Fed. R. Civ. P.26(a)(3). Failure to disclose a witness under the terms of this paragraph precludes listing the witness in the Final Pretrial Order, unless the party can show good cause for the omission.

  c. **Disclosure of Expert Testimony**

  In accordance with the Court's Order at the Scheduling Conference, by November 1, 2008, any party with the burden of proof on an issue shall serve all other parties with a report which shall identify any person whom that party expects to call as an expert witness at trial under Fed. R. Evid. 702. Except as otherwise stated in this paragraph, the report shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B). In accordance with the Court's Order at the Scheduling Conference, by December 1, 2008, any other party wishing to call a rebuttal expert

shall serve all other parties with a report which shall identify such expert and which, except as otherwise stated in this paragraph, shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B).

This Preliminary Pretrial Order requires rule 26(a)(2)(B) reports from **any** person who will provide expert testimony – including, for example, a treating physician – except that a treating physician's report need not contain a recitation of compensation paid to the physician or a list of other cases in which the physician has given testimony.  *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note ("requirement of written report may be … imposed upon additional person who will provide opinions under [r]ule 702").

## 6. REMAINING DISCOVERY

a. **Depositions:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition | Why Deposition Not Completed Earlier and Objections to Taking Now |
|---|---|---|---|---|
| *Jamie Scott* | *September 16, 2008* | *10:00 am* | *1 day* | *The parties anticipate that Scott's deposition will be complete by the date of the Preliminary Pretrial Conference* |

No other depositions have been scheduled, but both parties reserve the right to do so. In accordance with the Court's Order at the Scheduling Conference, discovery shall be completed by December 15, 2008.

b. **Interrogatories and Requests for Documents**

The Defendants served their first interrogatories and requests for documents on July 17, 2008.  The Plaintiff responded on August 18, 2008.

Plaintiff intends to file Interrogatories and Requests for Documents.

5

In accordance with the Scheduling Order, the parties intend to serve all written discovery by October 10, 2008.

    c.    **Requests for Admissions**

In accordance with the Scheduling Order, the parties intend to serve all written discovery by October 10, 2008. Plaintiff intends to file Requests for Admission, and Defendants reserve the right to do so, as well.

    d.    **Other Discovery Orders and Issues**

None are known at this time.

### 7. SETTLEMENT

The undersigned counsel for the parties hereby certify that:

a.    They will meet in person before the magistrate judge on September 17, 2008, to discuss good faith the settlement of this case.

b.    The following persons are expected to participate in the settlement conference:

    For Plaintiff:    Counsel:   Jennifer R. Thomaidis, Floyd M. Youngblood
                           Other participants: Plaintiff Jamie Scott

    For Defendants:    Counsel: John Simpson, Ashley Seuell, David Powell
                           Other participants: Gregory Davis

c.    The parties/representatives of the parties with settlement authority will be present at the conference on September 17, 2008.

d.    Counsel may hold future settlement conferences prior to the close of discovery.

e.    It appears from the discussion by all counsel that there is some possibility of settlement.

f.     The following specific problems have created a hindrance to settlement of this case:  The parties are unaware of specific problems at this time.

g.     The date of the next settlement conference before the magistrate judge is September 17, 2008.

## 8.  SPECIAL ISSUES

a.     Discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:  None.

b.     Other issues which the court may wish to consider prior to the Final Pretrial Conference:  None are known at this time.

## 9.  TRIAL AND ESTIMATED TRIAL TIME

a.     The trial will be to a jury, the estimated trial time is 1-3 days, and the situs of trial is the U.S. District Court, District of Colorado in Denver, Colorado.

b.     Subject to other matters on the court's docket, the trial date and a date of a trial preparation conference will be set by the court at the Final Pretrial Conference heretofore scheduled.  Counsel and the parties shall schedule all proceedings in the case so that the case is ready for trial at any time after the Final Pretrial Conference.  Specifically, counsel and the parties will strictly observe (a) the discovery cutoff date and (b) the dispositive motion date, so that the court will have the opportunity to consider dispositive motions in advance of the Final Pretrial Conference.

## 10.  EFFECT OF PRELIMINARY PRETIAL ORDER

Upon the showing of good cause, this Preliminary Pretrial Order may be altered or amended.

## 11. WAIVER OF PRELIMINARY PRETRIAL CONFERENCE

As the Preliminary Pretrial Conference is scheduled for the same date and time as the September 17, 2008, 10:00 am settlement conference before the magistrate judge, the parties and counsel will be present. However, the parties see no need for a Preliminary Pretrial Conference and agree to waive it.

DATED this _____ day of _____ 200\_\_.

BY THE COURT:

_____
Michael E. Hegarty
United States Magistrate Judge

PRELIMINARY PRETRIAL ORDER TENDERED
FOR REVIEW:

| *s/ Jennifer Reba Thomaidis* | *s/ David D. Powell, Jr.* |
|---|---|
| Jennifer Reba Thomaidis<br>The Animal Law Center, LLC<br>4465 Kipling Street, Suite 108<br>Wheat Ridge, CO 80033<br>303-322-4355<br><br>Floyd M. Youngblood<br>4465 Kipling Street, Suite 102<br>Wheat Ridge, CO 80033<br>303-322-4355<br><br>Attorneys for Plaintiff | David D. Powell, Jr.<br>Leah P. VanLandschoot<br>Brownstein Hyatt Farber Schreck, LLP<br>410 17th Street, Suite 2200<br>Denver, CO 80202<br>303-223-1100<br><br>John M. Simpson<br>Ashley E. Seuell<br>Lisa Zeiler Joiner<br>Fulbright & Jaworski LLP<br>801 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>202-662-0200<br><br>Attorneys for Defendant |

9